**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY TODIA, | ) | CASE NO. 1:17-cv-1416 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| LN HOSPTALITY CLEVELAND, LLC, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion to remand of plaintiff Jeffrey Todia ("plaintiff" or "Todia"). (Doc. No. 5 ["Mot."].) Defendants LN Hospitality Cleveland, LLC ("LNHC"), Charles Patel, and Michael Patel (collectively "defendants") opposed the motion. (Doc. No. 7 ["Opp'n"].) For the reasons that follow, plaintiff's motion is denied.

**A. Background**

Plaintiff was the general manager of the Sheraton Cleveland Airport Hotel ("Hotel") in August 2015, when it was purchased by defendants. (Doc. No. 1-1 (Complaint ["Compl."]) ¶ 10.) Charles and Michael Patel are members and managers of LNHC, and supervised plaintiff. (*Id.* ¶¶ 4, 5.) Plaintiff claims that in December 2015, the Westin hotel approached him with a job offer, but was told by Michael Patel not to leave the Hotel because plaintiff was "part of the family." (*Id.* ¶ 11.) In November 2016, plaintiff alleges that Charles and Michael offered him a new position to assist with the acquisition of two other hotels, and plaintiff accepted. (*Id.* ¶ 10.) About that same time, defendants promoted a younger and less experienced individual to the position of general manager, and promoted a young and inexperienced management trainee to the position of vice

president of hotel operations. (*Id.* ¶ 12.) Plaintiff alleges that, unbeknownst to him, there were no new hotel acquisitions and, after he provided Michael and Charles with the benefit of his knowledge regarding certain financial matters related to the Hotel, he was terminated in December 2016. (*Id.* ¶¶ 14-19.)

Plaintiff filed a complaint in the Cuyahoga County Court of Common Pleas alleging age discrimination in violation of state law (count I) and promissory estoppel (count II). Plaintiff is a citizen of Ohio. (*Id.* ¶ 1). Defendants aver that all of the members of LNHC, which include defendants Charles and Michael Patel, are citizens of California. (Doc. No. 1 (Notice of Removal ["Notice"]) ¶ 3.) The Notice further states that plaintiff's salary when he was employed by defendants was $125,000.00, and the amount in controversy exceeds $75,000.00. (*Id.* ¶ 9.) Defendants removed this action pursuant to the Court's diversity jurisdiction (28 U.S.C. § 1332). (*Id.* ¶ 11.) Plaintiff's motion to remand is based upon the single allegation that a member of LNHC is a citizen of Ohio, thus, destroying complete diversity and the Court's jurisdiction.[1]

## B. Discussion

LNHC is a limited liability company with five members: Charles Patel and his wife, Reema; Mahendra (Michael) Patel and his wife, Bhagyavati; and Bharathbhai (Robert) Patel. (*Id.* ¶ 3.) "[A] limited liability company is not treated as a corporation and has the citizenship of its members" for purposes of determining diversity citizenship. *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002) (citation omitted). Plaintiff claims that Robert Patel is a citizen of Ohio, not California, as asserted in the notice of removal. Plaintiff does not contest the California citizenship of LNHC's other four members.

---

[1] Plaintiff does not dispute that the amount in controversy exceeds $75,000.00.

In support of this claim, plaintiff points out that Robert Patel is identified as LNHC's statutory agent with the Ohio Secretary of State, and the address listed is the address of the Hotel. (Mot. at 43-44; Doc. No 5-1 at 48.[2]) Under Ohio law, a natural person who serves as statutory agent for a limited liability company must be a resident of Ohio. Thus, plaintiff argues, Robert Patel is a citizen of Ohio. (*Id*., citing Ohio Rev. Code § 1705.06(A)(1).) Plaintiff also points to LNHC's Ohio trade name registration, which identifies Robert Patel as a general partner with the same address as the Hotel, and further argues that Robert Patel accepted service of the complaint at the Hotel. (*Id*. at 44; Doc. No. 5-1 at 54-55.)

In response, defendants acknowledge that Robert Patel is identified as the statutory agent for LNHC, and that Ohio law requires a natural person registered as statutory agent to be a resident of Ohio. (Opp'n at 69.) That said, defendants attach the sworn declaration of Robert Patel to their opposition, who avers that he is a citizen of California and was so at the time the complaint in this case was filed and removed, and has never been a resident or citizen of Ohio. (Doc. No. 7-1 ¶¶ 1-4.) Defendants note that LNHC "will have to amend their statutory agent information with the Ohio Secretary of State." (Opp'n at 69-70.) With respect to service of process, defendants point out that service of the complaint was not accepted by Robert Patel, but by A. Cyrus. (*See* Doc. No. 7-2.)

In *Engle v. UHaul*, in the context of a motion to dismiss, the court considered Ohio's public records in finding that one of defendant LLC's members, registered as its statutory agent, was a citizen of Ohio for purposes of determining diversity jurisdiction. *Engle v. UHaul*, 208 F. Supp. 3d 844, 849 (S.D. Ohio 2016). In that case, however, there was no sworn statement by the member

---

[2] All references to page numbers are to the page identification number generated by the Court's electronic filing system.

to the contrary. Here, plaintiff did not reply to defendants' arguments or evidence advanced in opposition to the motion, and has not provided the Court with any legal authority that LNHC's corporate records, not Robert Patel's sworn declaration, controls the determination of his citizenship.

The Court concludes based on the information available at this time that Robert Patel is a citizen of California, and there is complete diversity of citizenship between plaintiff and defendants. That said, the Court is required to remand if at any time before final judgment it appears that the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). If additional information emerges regarding Robert Patel's citizenship (or any other reason) that calls into question the Court's diversity jurisdiction, plaintiff may refile his motion to remand.

## C. Conclusion

For the reasons set forth herein, plaintiff's motion to remand is denied. The Court will separately publish an order scheduling this case for a case management conference.

**IT IS SO ORDERED**.


Dated: October 26, 2017

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**